IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CARROWAY,<br><br>               Petitioner,<br><br>        v.<br><br>ANTHONY J. ANNUCCI, Acting Commissioner, New York Department of Corrections and Community Supervision,[1]<br><br>               Respondent. | No. 9:12-cv-00764-JKS<br><br>MEMORANDUM DECISION |

       Anthony Carroway, a New York state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. At the time he filed his Petition, Carroway was in the custody of the New York Department of Corrections and Community Supervision and incarcerated at Attica Correctional Facility. He was released on supervised parole on October 18, 2013. Respondent has answered. Carroway has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

       The Appellate Division described the factual background of this case as follows:

       [Carroway] pleaded guilty to criminal possession of a controlled substance in the fourth degree in exchange for an agreed-upon prison sentence of five years followed by three years of postrelease supervision. At sentencing, [Carroway] moved to withdraw his plea. Based upon some confusion as to whether the prosecutor had mentioned at the plea hearing the potential for persistent felony offender sentencing—which was not applicable in this case—and whether that statement may have improperly induced [Carroway's] plea, County Court offered [Carroway] a reduced sentence if he waived the right to appeal that

---

      [1]      Because Carroway has been released from state prison but is currently on supervised release, Anthony J. Annucci, Acting Commissioner, New York Department of Corrections and Community Supervision, is substituted for Superintendent, Attica Correctional Facility. FED. R. CIV. P. 25(c).

-1-

issue. When [Carroway] attempted to bargain for an even lower sentence, the court stated, "If [Carroway] wants to withdraw his plea today, that's fine, it goes back on the trial calendar. We are through negotiating. It's the original offer or nothing." Defense counsel then informed the court that [Carroway] would proceed with the five-year sentence. Counsel acknowledged [Carroway's] status as a second felony offender and the court sentenced him to five years in prison followed by three years of postrelease supervision.

*People v. Carroway*, 922 N.Y.S.2d 632, 633 (N.Y. App. Div. 2011).

On February 21, 2009, Carroway moved to set aside the sentence pursuant to New York Criminal Procedure Law ("CPL") 440.20. Carroway argued that he should not have been sentenced as a second felony offender because he was 15 years old at the time he committed the predicate felony. In response, the People argued that according to the Predicate Felony Information which had been filed, Carroway was 17 years old at the time he was convicted of the predicate felony of second-degree murder and he did not receive a youthful offender adjudication. Therefore, there was no factual basis to support his claim that he was incorrectly sentenced as a second felony offender. On March 25, 2009, the county court denied the motion, concluding that the sentence was legally imposed.

On June 3, 2009, Carroway filed a second motion to set aside his sentence pursuant to CPL § 440.20, arguing that his sentence was illegal and that his conviction was not supported by substantial evidence. On June 29, 2009, the county court denied the motion based on the reasons set forth in its March 25, 2009, decision. Carroway attempted to appeal from the order to the Appellate Division, but failed to provide certain documents and accordingly the Appellate Division did not assign a return date for the motion.

In a letter dated August 2, 2009, Carroway argued that under New York law, the crack cocaine he possessed was not a "narcotic" but actually a narcotic "preparation," and that his

possession of 9.14 grams was less than the 2 ounces required to find him guilty of fourth-degree criminal possession of a controlled substance. The county court indicated that it would treat the letter as a CPL § 440 motion. The People argued, *inter alia*, that under New York law, crack cocaine is a narcotic rather than a narcotic preparation and that Carroway did in fact possess the requisite amount to convict him. On August 28, 2009, the county court denied the motion on the ground that the determination of whether crack cocaine is a narcotic or narcotic preparation was appropriate for direct appeal and not a CPL § 440 motion, and that in any event, Carroway's assertion that crack cocaine is a narcotic preparation was "simply not correct." Thus, the court declined to revisit Carroway's claim that his sentence was illegally imposed.

On December 27, 2010, Carroway filed a motion to vacate the judgment pursuant to CPL § 440.10, arguing that he should not have been sentenced as a persistent felony offender.[2] The People again argued that Carroway had previously been incarcerated for attempted murder, there was no indication that he had been adjudicated a youthful offender, and thus he was eligible for sentencing as a second violent felony offender. The county court denied the motion on the ground that there was "no evidence in [Carroway's] criminal record or in his motion to support his contention that the prior violent felony conviction for attempted murder resulted in a youthful offender adjudication."

On April 1, 2010, Carroway filed a notice of motion for resentencing pursuant to CPL § 440.46, stating that he was willing to attend an alcohol or substance abuse program and that he

---

[2] Carroway was not sentenced as a persistent felony offender; he was sentenced as a second felony offender.

had maintained a fair disciplinary record.[3] On April 30, 2010, Carroway filed a motion to set aside his sentence pursuant to CPL § 440.10, but did not provide any supporting argument. However, he did provide an affidavit in support of a motion to set aside his verdict pursuant to CPL § 440.20 (but did not file a motion), again arguing that he should not have been sentenced as a second felony offender and that he was mistakenly charged with possession of crack cocaine because crack is a preparation material rather than narcotic and he did not possess the requisite amount to convict him. On June 1, 2010, Carroway filed a letter stating that he would be filing "a judgement [sic] motion" and a "discovery motion," and again argued that crack cocaine was a preparation rather than narcotic and that he did not possess the requisite amount.

The People argued although Carroway had been adjudicated a youthful offender on a 1991 plea to first-degree robbery, he had not been granted youthful offender status on the 1990 second-degree attempted robbery and attempted murder convictions. The county court relied on its previous August 28, 2009, order, concluding that whether crack is a preparation rather than a narcotic is a matter for direct appeal and that Carroway was not eligible for resentencing to a diversion program as he had requested.

On July 20, 2013, Carroway moved to set aside his sentence pursuant to the Drug Law Reform Act of 2009, codified at CPL § 440.46. The county court concluded that Carroway was ineligible for relief under CPL § 440.46, and that, considering this was Carroway's sixth motion for post-relief conviction and the court's sixth denial, the court may summarily deny future motions.

---

[3] Carroway was essentially requesting judicial diversion for treatment for alcohol and/or substance abuse, which should have been filed in the form of a CPL § 216.05 motion.

Nevertheless, on November 9, 2010, Carroway again filed a letter motion in which he argued that he was wrongfully charged. The county court denied relief on the ground that Carroway had repeatedly moved on this basis and that he had recently been appointed new counsel and was in the process of appealing to the Appellate Division.

On March 29, 2010, Carroway again moved pursuant to CPL § 440.10, claiming that he was illegally sentenced as a second felony offender and was wrongfully charged where he possessed a drug preparation rather than a narcotic. The county court denied relief on the ground that Carroway had already repeatedly submitted multiple motions to vacate his conviction and failed to raise any new issues.

On December 10, 2010, Carroway filed a counseled brief with the Appellate Division, arguing that: 1) his guilty plea was not knowingly, voluntarily and intelligently entered; 2) the county court should have granted Carroway's motion to withdraw his guilty plea; 3) Carroway was improperly sentenced as a second felony offender because the procedures set forth in CPL § 400.21 were not followed; and 4) the sentence was harsh and excessive.

On May 12, 2011, the Appellate Division unanimously affirmed the judgment of conviction. The appellate court concluded that the trial court did permit Carroway to withdraw his plea, but Carroway elected to adhere to the original offer. "Having abandoned his motion to withdraw his plea, [Carroway] did not preserve the argument that his plea was involuntary." The appellate court further concluded that Carroway was properly sentenced as a second felony offender. "By not controverting the legitimacy of his prior conviction at sentencing or moving to

vacate the judgment or sentence, he failed to preserve the argument."[4] The court declined to "exercise [its] interest of justice jurisdiction with respect to this aspect of the sentence because County Court and the prosecutor substantially complied with CPL [§] 400.21." Finally, the appellate court concluded that the county court's imposition of the agreed-upon sentence was not harsh or excessive "considering that [Carroway] has a serious criminal history and absconded after his arraignment on the present indictment."

Carroway filed a counseled application for leave to appeal to the New York Court of Appeals, arguing that: 1) his plea was not knowingly, voluntarily and intelligently entered; 2) he was not legally sentenced as a second felony offender because he was not given adequate notice and an opportunity to respond as required by CPL § 400.21; and 3) the People's second felony offender statement was facially defective. Ex. GG, ECF No. 11-33 at 3. The court summarily denied the application.

Carroway timely filed a Petition for Writ of Habeas Corpus with this Court on April 5, 2012.

## II. ISSUES RAISED

In his Petition for relief filed with this Court, Carroway argues that he was wrongly charged with fourth-degree criminal possession of a controlled substance under New York Penal Law § 220.09 and as a first-time felony offender because he had previously been adjudicated a youthful offender. Carroway further argues that he was improperly sentenced as a second felony offender without receiving "a felony hearing."

---

[4] The Appellate Division was mistaken. Although Carroway failed to object at sentencing, he repeatedly moved *pro se* to vacate the judgment or set aside the sentence, as discussed *supra*, before filing his direct appeal.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 559 U.S. 766, 778-79 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted). In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000).

Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Carroway did not file a traverse. 28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, this Court must accept Respondent's allegations. *See Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where there is no traverse filed and no evidence offered to contradict the allegations of the return, the allegations must be accepted as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66 (2d Cir. 1952) (per curiam).

## IV. DISCUSSION

A.  Exhaustion

Respondent correctly contends that Carroway's claims are unexhausted. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and

decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

Carroway failed to exhaust his claims that he was wrongly charged with fourth-degree criminal possession of a controlled substance because crack cocaine was a preparation material rather than a narcotic and that he was wrongly charged as a second felony offender where he had been adjudicated a youthful offender on his predicate felony. First, he raised these claims only on state-law terms. Second, he failed to present these claims to the New York Court of Appeal. Carroway did not effectively appeal from any of his post-conviction motions, and although he raised his claim that he was improperly sentenced as a second felony offender in his direct appeal to the Appellate Division, he did so on the ground that the court and the prosecution failed to follow the procedures set forth in CPL § 400.21. Carroway also failed to raise any such claim in his application for leave to appeal to the Court of Appeals.

Carroway also failed to exhaust his claim that he was improperly sentenced as a second felony offender without receiving "a felony hearing," as he raised this claim for the first time in his Petition to this Court.

Because Carroway's claims are based on the record, they could have been raised in his direct appeal on federal grounds but were not; consequently, Carroway cannot bring a motion to vacate as to these claims. CPL § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when[,] [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal . . . ."). Moreover, Carroway cannot

now raise these claims on direct appeal because he has already filed the one direct appeal and leave application to which he is entitled. *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991).

"[W]hen a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008); *see also Grey*, 933 F.2d at 121. A habeas petitioner may only avoid dismissal of his procedurally defaulted claims if he can demonstrate "cause for the default and prejudice from the asserted error," *House v. Bell*, 547 U.S. 518, 536 (2006), or a "fundamental miscarriage of justice," *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A miscarriage of justice is satisfied by a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). Carroway does not claim that cause exists for his procedural default, nor does he assert actual innocence. Because Carroway may not now return to state court to exhaust these claims, they may be deemed exhausted but procedurally defaulted from habeas review. *See Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001).

Despite Carroway's failure to exhaust a number of his claims, this Court nonetheless may deny his claims on the merits and with prejudice. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). This is particularly true where the grounds raised are meritless. *See Rhines*, 544 U.S. at 277. Accordingly, this Court declines to dismiss the unexhausted claims solely on exhaustion grounds and will instead reach the merits of the claims as discussed below.

B.  Merits

   Claim One: Wrongfully charged

   a. *Wrongfully charged under New York Penal Law § 220.09(1)*

In the first part of claim one, Carroway appears to resurrect his argument that he was improperly charged for fourth-degree criminal possession of a controlled substance because the crack cocaine he possessed was a preparation rather than a narcotic under Penal Law § 220.09.

First, Carroway's claim occurred prior to the entry of his guilty plea. Consequently, review of these claims is foreclosed by this Court on habeas review. The Supreme Court has directly addressed the subject, stating as follows:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (citing *McMann*, 397 U.S. at 771).

Carroway does not allege that his guilty plea was involuntary. Moreover, a review of the record indicates that his plea was, in fact, voluntarily entered. "A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). During his plea hearing, Carroway indicated that he was satisfied with his attorney's services, that he had enough time to discuss the plea offer with his attorney, and that he understood that the plea offer was for five years' incarceration followed by three years of post-release supervision. Carroway acknowledged that by pleading guilty he was giving up various rights, including the right to a trial, the right to cross-examine witnesses, and

the right to present a defense. A criminal defendant's self-inculpatory statements made under oath at his plea allocution "carry a strong presumption of verity," *United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)), and "are generally treated as conclusive in the face of the defendant's later attempt to contradict them," *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). Carroway's answers during the plea colloquy indicate that he entered his guilty plea with full awareness of its consequences.

Second, Carroway fails to assert a cognizable claim for federal habeas corpus relief. Carroway makes no claim that the court of appeal's determination violates the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Whether crack cocaine is a narcotic drug or narcotic preparation under New York penal law is a matter of state law not reviewable by this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 67-68. Carroway is therefore not entitled to relief on this claim

b. *Wrongfully charged as a second felony offender*

Carroway next argues that he was wrongfully charged as a second felony offender because he had been adjudicated a youthful offender on his predicate felony. Under New York law, a sixteen, seventeen, or eighteen year-old youth who meets certain conditions and is convicted as an adult may be adjudicated a "youthful offender," thereby vacating and replacing his conviction with a youthful offender finding. *United States v. Jones*, 415 F.3d 256, 260 (2d Cir. 2005) (citing CPL §§ 720.10(1)-(2), 720.20(1)-(3)). A youthful offender adjudication may serve as a prior felony conviction if it meets certain guidelines. *Id*.

According to both defense counsel and the prosecution, Carroway was sentenced on November 7, 1990, to both second-degree attempted robbery and second-degree attempted

murder. The convictions arose from separate cases but were considered a single conviction for purposes of sentencing. Although he was apparently adjudicated a youthful offender on a subsequent 1991 plea to first-degree robbery, he had not been granted youthful offender status on the 1990 second-degree attempted robbery and attempted murder convictions. The prosecution relied on Carroway's second-degree attempted murder conviction in seeking second felony offender status.

Carroway does not assert a cognizable federal habeas claim. To the extent he "attacks [a] prior conviction as part of his sentencing proceedings, he can do so only if the prior conviction is constitutionally infirm under the standards of *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)." *United States v. Sharpley,* 399 F.3d 123, 126 (2d Cir. 2005) (citing *Custis v. United States*, 511 U.S. 485, 491-92 (1994)). Carroway does not suggest that his underlying 1990 conviction for second-degree attempted murder was constitutionally infirm; rather, he asserts that he was adjudicated as a youthful offender and that his conviction could not have been used to establish second felony offender status. However, at sentencing, Carroway declined to controvert his predicate felony conviction for second-degree attempted murder. Where a petitioner for federal habeas corpus relief had been specifically asked at sentencing if he wished to challenge a predicate felony and failed to do so, he should not be permitted on federal habeas review to argue that state law would not permit use of that felony. *United States ex rel. Kenny v. Follette*, 410 F.2d 1276, 1279 (2d Cir. 1969). Moreover, Carroway's claim is a matter of state law that is not reviewable by this Court. *See Bradshaw*, 546 U.S. at 76; *Estelle*, 502 U.S. at 67-68. In addition, Carroway provides no support that he was adjudicated a youthful offender in conjunction with his attempted murder conviction. Instead, the record supports the contention

that he received youthful offender treatment in conjunction with a 1991 plea to first-degree robbery, but not for the felony which was used as a predicate offense. Carroway is therefore not entitled to relief on this claim.

Claim Two: Sentenced without a second felony offender hearing

Carroway next argues that he "was wrongfully sentenced as [a] second felony offender without having a felony hearing."

Carroway's contention is again a matter of state law not reviewable by this Court. Carroway does not point to, nor has this Court found on its own review, any precedent establishing a federal right to a second felony offender hearing. *See* 28 U.S.C. § 2254(d); *Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005) (Appellate Division did not unreasonably apply Supreme Court precedent in the absence of a definitive ruling by that Court on the subject). Moreover, under New York law, before a defendant may be sentenced as a predicate felon, the prosecutor must file a statement "setting forth the date and place of each alleged predicate felony conviction." CPL § 400.21(2). No further hearing is required unless "the defendant controverts an allegation in the statement and the uncontroverted allegations in such statement are not sufficient to support" a predicate felony finding. CPL § 400.21(5). Here, Carroway did not controvert the allegations in the predicate felony conviction, and there is nothing to indicate, other than his unsupported assertion, that his conviction for attempted second-degree attempted murder was insufficient to support such a predicate felony finding. Carroway is therefore not entitled to relief on this claim.

# V. CONCLUSION

Carroway is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D. CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 25, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge